UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
MICHAEL WEIDE,

        Plaintiff,

  -against-                      Case No. _____

JACQUELINE INSEL,

        Defendant.

-------------------------------------------------------X  **COMPLAINT**

## Parties

1. Plaintiff, Michael Weide ("Plaintiff"), is an individual with dual residences but whose primary domicile is in New York. He resides at 622 S. Lakeshore Dr., Carmel NY 10512

2. Defendant, Jacqueline Insel ("Defendant"), is an individual who maintains residences at 22 Wilson Ave, Totowa, NJ 07512-2417 and at 8 Prospect Rd, Wayne, NJ 07470-3942.

## Jurisdiction and Venue

3. Jurisdiction is proper in this Court under 28 U.S.C. §1332 because the amount in controversy exceeds $75,000 and the parties are diverse. Venue is proper under 28 U.S.C. §1391 because the events giving rise to this action occurred in this District.

## Factual Allegations

4. Plaintiff and Defendant were in a relationship for approximately five months, engaging in regular sexual activity at least ten times per month.

5. Although they did not cohabitate, Defendant regularly spent weekends at Plaintiff's home.

6. The couple actively role-played in their sexual relationship.

7. The couple regularly engaged in sexual activity while recreationally using marijuana and alcohol.

8. Plaintiff has never contracted a sexually transmitted disease ("STD") and never infected Defendant with an STD.

9. All sexual encounters between Plaintiff and Defendant were consensual.

10. Plaintiff never raped Defendant.

11. Plaintiff never had non-consensual sexual relationships with Defendant or with anyone else.

12. Since the relationship ended, Defendant has been lying about their relationship, actively publishing slander and lies.

13. Defendant has publicly accused Plaintiff of rape. See Appendix A.

14. Defendant has publicly accused Plaintiff of infecting her with a dread disease. See Appendix B.

15. Defendant has carried out a social media campaign to destroy Plaintiff's reputation.

16. Defendant has contacted Plaintiff's employers to deny him opportunities for work.

17. Plaintiff was terminated from his employment at the Connecticut Renaissance Festival because of Defendant's slander and defamatory remarks.

18. Plaintiff and Defendant are active participants in the Renaissance Faire community, where Defendant has disparaged Plaintiff, causing irreparable damage to his reputation and relationships.

19. People once thought of as friends are no longer interacting with Plaintiff.

20. Defendant has falsely claimed that Plaintiff suffers from a dread disease, constituting defamation per se.

21. As a result of Defendant's false statements, Plaintiff has suffered severe monetary damages, emotional distress, stress, depression, anxiety, and loss of relationships.

## Causes of Action

COUNT I – Defamation

COUNT II – Defamation Per Se

COUNT III – Intentional Infliction of Emotional Distress

## Damages

Plaintiff claims damages in the amount of at least $1,000,000, as well as punitive damages, costs, and such other relief as the Court deems just and proper.

## Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant as follows:

a. An order by the court that the offending materials be deleted from every internet site where the plaintiff has the control to do so
b. Awarding Plaintiff compensatory damages in an amount not less than $1,000,000;

c. Awarding Plaintiff punitive damages;
d. Awarding Plaintiff costs of this action, including reasonable attorney's fees; and
e. Granting such other relief as the Court deems just and proper.

Dated: August 23, 2025

Respectfully submitted,

*Dan Castricone*

Daniel G. Castricone, Esq.
Castricone and Heavner Law
191 Maple Brook Rd
Tuxedo NY 10987
(845) 351-8777
Fax (845) 351-8887
Dan@CastriconeLaw.com